NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY E.J. MOUSSAVIAN, : | |
| : | Civil No. 06-4818 (JLL) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| CHINA OCEAN SHIPPING (GROUP) : | |
| COMPANY, et al. : | |
| : | |
| Defendants. : | |

**LINARES,** District Judge.

Plaintiff Kimberly E.J. Moussavian ("Moussavian" or "Plaintiff") seeks to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of poverty and further submissions, the Court finds that Plaintiff qualifies for non-prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court finds that dismissal of the Complaint is required by 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff filed the Complaint October 6, 2006 alleging that she was discriminated against because of her disability in violation of her state and federal rights.  Plaintiff also alleges that she was wrongfully terminated and that the named Defendants failed to accommodate her disability in the workplace.  Plaintiff also alleges that Defendants engaged in "negligent retention, false imprisonment and violations of New Jersey's wage and hour wage payment laws." (Compl. at

2). Plaintiff names sixteen separate defendants in the Complaint: China Ocean Shipping (Group) Company, China Ocean Shipping Company Americas, Inc., Cosco North America Inc., 100 Lighting Way, Inc., Cosco Container Lines, Co. Ltd., Cosco Agencies Inc., Cosco Services, Inc., Cosco Terminals, Inc., Intermodal Bridge Services, Inc., Sea Eagle Logistics, Inc., Sea Mark Management, Sea Trade International, Inc., Septor International, Inc., South Bay Lighting Way, Inc., World Ocean (America) Inc., and Yuan Hua Technical & Supply Corporation (collectively, "Defendants").

## DISCUSSION

**A.**     **Legal Standard**

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former §

2

1915(d)).  A claim is said to lack an arguable basis in law if it states an "inarguable legal conclusion."  Id. at 325.  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    Analysis**

Plaintiff's Complaint does not specifically address the liability of each defendant named in the Complaint.  Rather, on page 2 of the Complaint and continuing throughout its entirety, Plaintiff refers to Defendants in the collective.  Even in the portions of the Complaint which allege specific wrongdoing, Plaintiff curiously fails to state which specific defendant she refers to.  For instance, Plaintiff states that she began working "for the Defendant's [sic] (hereinafter 'Cosco') on April 12, 2004" and alleges that "the Defendant's [sic] conduct us [sic] disriminatory with respect to my race, color, national origin, and sex." (Compl. at 2).  However, the Court is unable to tell which exact Defendants Plaintiff alleges are liable, nor the basis for

liability with respect to each Defendant.  Plaintiff refers to alleged individual wrongdoers by name, but these individuals are not named as parties, nor are the corporate Defendants referred to using similar specificity.  Instead, Plaintiff refers to all of the Defendants as "Cosco", but the Court notes that several Defendants may logically deserve the abbreviation of "Cosco," and thus such an abbreviation does not clarify the Complaint.  The Court is unable to determine exactly which Defendants, if any, were Plaintiff's employer, and which Defendants are alleged to be responsible for the alleged violations of Plaintiff's state and federal rights.

Since Plaintiff fails to provide a factual basis for any claim contained in the Complaint against *any* Defendant, the Complaint is thus dismissed as frivolous.  See Neitzke, 490 U.S. at 325 (a complaint is frivolous if it "lacks an arguable basis either in law or in fact") (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  However, since it appears that Plaintiff may be able to remedy the Complaint by amendment, dismissal is without prejudice.  Denton v. Hernandez, 504 U.S. 25, 34 (1992).  Plaintiff is hereby granted twenty (20) days in which to amend the Complaint to set forth a proper basis for liability for each of the named Defendants.  If Plaintiff fails to do so, the Court will deem the Complaint withdrawn.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's in forma pauperis application, but dismisses the Complaint without prejudice.  Plaintiff shall have twenty (20) days to amend the Complaint to remedy all defects therein.

An appropriate Order accompanies this Opinion.


DATED: December 8, 2006                        /s/ Jose L. Linares
                                               United States District Judge