NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY E. J. MOUSSAVIAN, : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CHINA OCEAN SHIPPING COMPANY : <br> AMERICAS INC., COSCO NORTH : <br> AMERICA INC., 100 LIGHTING : <br> WAY, INC., COSCO SERVICES, INC., : <br> COSCO TERMINALS, INC., SEA : <br> EAGLE LOGISTICS, INC., SEA : <br> MARK MANAGEMENT, SEA TRADE : <br> INTERNATIONAL, INC., SOUTH : <br> BAY LIGHTING WAY, INC., WORLD : <br> OCEAN (AMERICA), INC., YUAN HUA : <br> TECHNICAL & SUPPLY CORP., : <br> CHINA OCEAN SHIPPING : <br> (GROUP) COMPANY, COSCO : <br> CONTAINER LINES CO, LTD., COSCO : <br> AGENCIES, INC. (COSAG-LOS : <br> ANGELES), INTERMODAL BRIDGE : <br> SERVICES, INC., SEPTOR : <br> INTERNATIONAL, INC., : <br> NANCY LU, JAMES KEMP, : <br> RICHARD STELZNER, and CHAO ZU, : <br> : <br> Defendants. : <br> : | Civil Action No.: 06-4818 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on the motion of China Ocean Shipping (Group) Co.

1

Americas Inc., et al.,[1] ("COSCO" or "Defendants") to dismiss in part the Amended Complaint filed by Kimberly E. J. Moussavian ("Moussavian" or "Plaintiff"), or in the alternative, to impose a protective bond requirement on Moussavian.  There was no oral argument. Fed. R. Civ. P. 78.  For the reasons set forth in this Opinion, Defendants' Motion is denied.

## BACKGROUND

A detailed factual background of Moussavian's claim is not necessary to dispose of the current motion, as this Court writes only for the parties and the facts are undisputed in the current procedural posture.[2]  A brief review of the highlights of Moussavian's Amended Complaint and the subsequent procedural history will, however, assist the Court in its analysis of the issues.

On April 12, 2004, Moussavian joined COSCO as a paralegal in the Corporate Legal Affairs Department.  When hired, Moussavian suffered from asthma and sarcoidosis, and she alleges that COSCO was aware of her medical condition prior to bringing her on board.  At some point after starting work at COSCO, Moussavian began receiving "aggressive emails" and "verbal assaults" from Nancy Lu, a fellow employee who later became Moussavian's supervisor. (Am. Comp. ¶ 19.)  On March 2, 2005, Lu entered Moussavian's office and confronted her.  This confrontation led to a series of actions on the part of COSCO and absences from work on the part

---

[1] Defendants claim in their brief that certain parties joined by Moussavian have not been served, and exclude them from their motion.  This Court, not having service of process issues before it at this time, treats all parties joined by Moussavian identically for the purposes of this Opinion, but notes that this treatment does not indicate that the Court finds it has jurisdiction over any particular Defendant.

[2] Although Defendants did not file the current motion as a request for relief under Rule 12, given the fact that no answer has been filed in this case, a Rule 12 motion is contemplated in Defendants' brief, and discovery has not begun in this case, the Court will take the facts as stated in the Amended Complaint in the light most favorable to the non-moving party as it would in a 12(b)(6) motion.  Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006).

of Moussavian, resulting in Moussavian's termination on March 29, 2005.  (Id. at ¶ 53.)

Moussavian filed her charge with the Equal Employment Opportunity Commission ("EEOC") on December 4, 2005, and received her right to sue letter from the EEOC on July 10, 2006.  Her initial complaint, along with an application to proceed in forma pauperis, was filed in this Court on October 6, 2006.  On October 12, 2006, this Court granted Moussavian in forma pauperis status and dismissed her complaint as frivolous with leave to amend.  Moussavian filed her Amended Complaint on December 28, 2006, which this Court found adequate to proceed beyond the bar set by 28 U.S.C. § 1915(e)(2)(B) on January 5, 2007.

Defendants filed the motion currently before the Court on April 24, 2007.  It requests that the Court dismiss Moussavian's Amended Complaint under its inherent power, or, in the alternative, to impose a litigation bond requirement on Moussavian.

## DISCUSSION

Despite occasionally making arguments in their brief that would apply under a Federal Rule of Civil Procedure 12 motion to dismiss, Defendants expressly forgo utilizing Rule 12 as a basis for their motion.  (Def. Br. at 2, 9-10 n.5.)  Instead, COSCO argues that Moussavian has filed a frivolous and vexatious pleading with this Court that should be dismissed by this Court under its inherent power.  (Id. at 8-9.)  This Court will, therefore, construe Defendants' motion as one brought wholly as a motion for dismissal under the inherent powers this Court possesses.  As the standard for determining whether dismissal is proper as a sanction includes evaluation of lesser remedies such as a litigation bond, this Court will consider both forms of relief requested by Defendants in the same analysis.

This Court undoubtedly has the power to dismiss a complaint on its own motion or on the

motion of an opposing party. Complaints may be dismissed by courts as part of their power to control and manage dockets or as a sanction. Eash v. Riggins Trucking Inc., 757 F.2d 557, 568-69 (3d Cir. 1986). Dismissal may be appropriate where a complaint facially violates a bar to suit, violates a court order, or where a plaintiff fails to prosecute the case. Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (facial bars); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990) (court orders); Eash, 757 F.2d at 560 (discussing dismissal for failure to prosecute in global analysis of inherent power). There are, however, limits to a district court's inherent power, such as the requirements of due process and the borders of judicial authority. In re Tutu Wells Contamination Lit., 120 F.3d 368, 379, 382-84 (3d Cir. 1997), overruled on other grounds, Comuso v. Nat. R.R. Passenger Corp., 267 F.3d 331, 338-39 (3d Cir. 2001).

The Third Circuit applies the test developed in Poulis v. State Farm Fire and Casualty Co. to the dismissal of claims pursuant to the inherent sanction power of the district courts. 747 F.2d 863 (3d Cir. 1984). Poulis requires a district court to balance six factors in determining whether dismissal is appropriate:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad* *faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative* *sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d at 868 (emphasis in original). This test applies, generally, to any exercise of the sanction power of a district court depriving a party of the right to proceed with or defend a claim. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990). Not all of these factors need be satisfied for the court to dismiss a claim or complaint. Ware v. Rodale Press, Inc., 322 F.3d 218,

221 (3d Cir. 2002).

In support of its motion for dismissal, COSCO argues that Moussavian's Amended Complaint is vexatious and frivolous. (Def. Br. at 8.) Specifically, COSCO claims that Moussavian has included defendants against whom Moussavian has no claim, that her claim for relief under the NJLAD is barred because she has a contemporaneous proceeding before the state, that her federal claims for employment discrimination have not been administratively exhausted, and that Plaintiff has failed to effect service of process on several parties named as defendants in the Amended Complaint. (Def. Br. at 5, 8-10, 13.)  As stated above, since COSCO has elected not to move under Federal Rule of Civil Procedure 12(b) at the current time, this Court will not consider whether these defects are grounds for dismissal under Rule 12(b) for ineffective service or failure to state a claim, but will consider the facts as pled in Moussavian's Amended Complaint for the purpose of deciding this motion. (Def. Br. at 2.)

Moussavian asserts in her response that her Amended Complaint is not frivolous, and that she has bona fide reasons to assert her claims against numerous parties. (Pl. Resp. Br. at 5). She argues in the alternative that if her claims are dismissed, that she be granted leave to amend in order to address any deficiencies in the Amended Complaint. (Id.) Further, she argues that a protective bond is unnecessary in her case due to its non-frivolous nature. (Id. at 6.)

**A.    The Extent of the Party's Personal Responsibility**

An examination of dismissal under Poulis usually requires a court to examine the conduct of the party to litigation separately from the party's counsel, in order to avoid sanctioning a party for misconduct by counsel for which a party should not bear the burden of a sanction. Poulis, 747 F.2d 868. In the case at bar, however, Moussavian is acting as an attorney pro se, and this

5

fact collapses this element of the Poulis analysis and renders her responsible as a party for all of her actions as counsel pro se. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). This factor, then, weighs against Moussavian, as any litigation misbehavior attributable to her side in this case cannot be classified as attorney misconduct not to be laid at the feet of the party in interest.

**B.     Prejudice to the Adversary**

Moussavian's Amended Complaint does not, in this Court's opinion, significantly prejudice the Defendants. In Poulis, discovery abuse by the plaintiff sufficed to demonstrate prejudice to the party moving for dismissal; here, COSCO appears to argue that it has been prejudiced by the sheer number of parties joined by Moussavian, and that a motion addressing "statutes of limitation, jurisdiction, failure to exhaust, individual liability, failure to effect proper service, waiver, failure to state claims for which relief can be granted, etc.," would be overly burdensome and time-consuming. 747 F.2d 868; Def. Br. at 2.

While COSCO's argument may have some merit, it is not persuasive in the current context. Any prejudice to COSCO appears to be curable by filing the proper motion to dispose of the laundry list of defects quoted above, rather than Moussavian's filing of her Amended Complaint. While COSCO is certainly correct in stating that any additional party adds to the cost of briefing, and Moussavian may indeed have cast her net needlessly wide to sweep in COSCO's various corporate entities, this Court does not have before it sufficient facts (or sufficient briefing) to determine whether the claims against some or all of these parties should be dismissed. The prejudice prong of the Poulis test, therefore, weighs against COSCO's motion.

**C.     History of Dilatoriness**

Moussavian has missed one deadline set by this Court, for filing her response to the instant motion. She requested an extension of time to file her response, missed the deadline set, and then applied to this Court for permission to file her response, claiming that she had no notice of the briefing schedule. (Letter Order of July 17, 2007, Docket #15.) Moussavian has since filed a request for an extension on filing an initial discovery estimate with Magistrate Judge Cecchi. (Docket #22.) This last request was filed on October 26, 2007, the date that her submission to Judge Cecchi was due, and as of this date, Judge Cecchi has not granted Moussavian an extension. Moussavian's history in this matter, therefore, contains instances of untimeliness that cause this Poulis factor to weigh against her.

**D.    Willful or Bad Faith Conduct**

COSCO apparently alleges that Moussavian brought her Amended Complaint in bad faith because she "named as many of COSCO America's subsidiaries as she could remember from her time as Corporate Paralegal for COSCO Americas, and added a number of individual employees, all without explanation or apparent bases." (Def. Br. at 8.) Moussavian responds by arguing that her employment by COSCO left her unclear as to what entity employed the individual defendants, and that "to ensure all rightful parties were included Plaintiff named all affiliated parties." (Pl. Resp. Br. at 3.) This argument in Moussavian's brief does appear to relate to contentions in her Amended Complaint concerning COSCO's corporate structure. (Am. Comp. at 3.)

"Willfulness involves intentional or self-serving behavior." Adams v. Trustees of N. J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). The Third Circuit has found the requisite Poulis bad faith or willfulness to exist when a party's misconduct is "not

7

merely negligent or inadvertent." Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). While this Court does not render any opinion on whether Moussavian's manner of pleading is legally sufficient, it is clear that she is not guilty of willfulness or bad faith in the joining of parties in her Amended Complaint. Moussavian was making an effort to endsure that she had not left out an entity or party that she had some reason to believe might be responsible. Moussavians pleadings do not appear, therefore, to involve the kind of misconduct calling for a dismissal of her claims under Poulis. The wilfullness or bad faith factor, therefore, weighs against granting COSCO's motion.

### E.    Effectiveness of Alternative Sanctions

Poulis requires an analysis of the effectiveness of alternative sanctions prior to ordering a dismissal. 747 F.2d 869. Here, COSCO has suggested a protective bond as an alternative to dismissal, and the Court will consider both a protective bond and other potential monetary sanctions as alternatives to dismissing Moussavian's claim. (Def. Br. at 11.)

Moussavian is proceeding in forma pauperis pursuant to this Court's order of January 5, 2007. Requiring an in forma pauperis plaintiff to post a litigation bond is tantamount to the sanction of dismissal; if this Court found Moussavian incapable of paying a filing fee, it would stand to reason that Moussavian would be incapable of posting a meaningful bond. Any monetary sanction imposed on Moussavian would be similarly problematic, and this Court finds that applying any monetary sanction as an alternative to dismissal would be inappropriate in this matter at this time.

### F.    Meritoriousness of the Claim

At this stage in the litigation, this Court will limit the scope of its inquiry as to the

meritoriousness of Moussavian's Amended Complaint to whether or not it is frivolous or vexatious, as that is the contention brought before the Court by COSCO. Litigants are generally said to be "vexatious" within this circuit if they engage in repetitive and frivolous litigation. See, e.g., Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 495 (3d Cir. 1989); Chipps v. United States District Ct., 882 F.2d 72, 73 (3d Cir. 1989). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations to internal quotations omitted).

      Upon an examination of the Amended Complaint, it is clear that it is not so deficient as to be frivolous. Moussavian does not appear to make claims based on nonexistent or meritless legal theories; while this Court reserves judgment on whether her claims could survive a Rule 12(b) motion to dismiss, nothing in the Amended Complaint appears to manufacture legal claims or to present claims that are facially barred. The only defense raised by COSCO that could arguably lead to this Court finding that some of Moussavian's claims could be frivolous—that her NJLAD claims are barred because they are subject to ongoing state administrative proceedings—is disputed in Moussavian's Response Brief. N.J. Stat. Ann. § 10:5-27 (West 2007); Def. Br. at 9-10 n.5; Pl. Resp. Br. at 3. Given that this Court will accept the facts as stated in Moussavian's brief at this stage, and that the fact raised by COSCO is outside of the pleadings as they exist before the court and is also disputed by Moussavian, Plaintiff's NJLAD claim cannot be dismissed as frivolous because it does not appear to be "clearly baseless" or dependent on a "fantastic" factual predicate. Mitchell, 318 F.3d at 530.

      Furthermore, this Court finds that Moussavian's litigation in this matter is not vexatious,

9

in that she has not multiplied suits or sued opposing parties with the intention to harrass, delay, or impose unnecessary burdens on Defendants. While this Court notes, as above, that it does cannot rule on whether all of the parties joined by Moussavian are proper defendants to this suit on the motion before the Court, there appears to be no doubt that Moussavian was not employing bad faith when she filed the Amended Complaint.

The remainder of Defendants' arguments in favor of frivolity amount to attempts at untimely assertions of affirmative defenses, such as exhaustion, or a presentation of issues properly reviewable under a Federal Rule of Civil Prodecure 12(b) motion, such as service of process. (Def. Br. at 2, 8-9.) This Court declines to find Moussavian's Amended Complaint frivolous based on alleged defects that are not in a proper procedural posture for examination at this stage of the case.

### G.   Weighing of the Poulis Factors

The manifest weight of the Poulis analysis, at this stage of the litigation, is against dismissal. Several factors weigh against the Plaintiff: Moussavian is directly responsible as a party for her actions as a pro se litigant, she has been dilatory in filings with this Court, and her in forma pauperis status causes monetary sanctions to be not favored over dismissal in this case. These factors, however, do not carry the day in this motion. Instead, this Court finds that the lack of real prejudice to COSCO, Moussavian's lack of willfulness or bad faith, and the meritoriousness of her claim—inasmuch as it does not yet appear to be vexatious or frivolous—are more important in the Poulis analysis. Cf. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2002) (finding that not all of the Poulis factors need be present to warrant dismissal). This Court, therefore, refuses to dismiss the Amended Complaint or impose

alternative sanctions on Moussavian.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or to impose a protective bond is denied. An appropriate order accompanies this opinion.


DATED: November 16, 2007                             /s/ Jose L. Linares
                                                    United States District Judge