# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KIMBERLY E. J. MOUSSAVIAN,

               Plaintiff,

   v.

CHINA OCEAN SHIPPING (GROUP)
COMPANY, et al.,

               Defendants.

Civil Action No. 06-4818 (JLL)

**ANSWER AND DEFENSES TO THE AMENDED COMPLAINT**

Defendants[1] China Ocean Shipping Company Americas Inc. ("COSCO Americas")[2], COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Eagle Logistics, Inc., Sea Mark Management, Sea Trade International, Inc., South Bay Lighting Way, Inc., World Ocean (America), Inc., Yuan Hua Technical & Supply Corporation, Nancy Lu, James Kemp, Richard Stelzner and Chao Xu, by and through their undersigned counsel, responds to the Amended Complaint of Plaintiff Kimberly E.J. Moussavian ("Plaintiff") as follows:

## Parties

It is admitted that Plaintiff is Kimberly E.J. Moussavian, and that she purports to reside at 529 Hillcrest Street, Teaneck, New Jersey.

---

[1]  To date, proper service of process has not been effected on the following named Defendants:  China Ocean Shipping (Group) Company, COSCO Container Lines Co., Ltd., Cosco Agencies, Inc. (Cosag-Los Angeles), Intermodal Bridge Services, Inc. (IBS), and Septor International, Inc.

[2]  "COSCO" is an acronym for China Ocean Shipping Company.  Accordingly, "China Ocean Shipping Company Americas Inc." and "COSCO Americas Inc.", which appear to have been separately named by Plaintiff in the Amended Complaint, are actually names for the same entity.

It is admitted only that COSCO Americas, COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Mark Management, Sea Trade International, Inc., World Ocean (America), Inc., Yuan Hua Technical & Supply Corporation, Nancy Lu, James Kemp, Richard Stelzner and Chao Xu maintain corporate offices and/or work in the United States of America at 100 Lighting Way, Secaucus, New Jersey. It is denied that China Ocean Shipping (Group) Company, COSCO Container Lines Co., Ltd., Cosco Agencies, Inc. (Cosag-Los Angeles), Intermodal Bridge Services, Inc. (IBS), and Septor International, Inc. are parties to this action and/or that they maintain corporate offices in the United States of America at 100 Lighting Way, Secaucus, New Jersey. It is also denied that Sea Eagle Logistics, Inc. and South Bay Lighting Way, Inc. maintain corporate offices in the United States of America at 100 Lighting Way, Secaucus, New Jersey. By way of further answer, Intermodal Bridge Services, Inc. (IBS), Septor International, Inc. and Sea Eagle Logistics, Inc. do not exist as viable corporate entities.

## Jurisdiction

Denied. The allegations set forth in this section of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.

## Nature of Case

1.    Admitted in part, denied in part. It is admitted only that Plaintiff was employed by COSCO Americas, and that Plaintiff was assigned to work in COSCO Americas' offices at 100 Lighting Way, Secaucus, New Jersey. It is specifically denied that Plaintiff was employed by any other person or entity named as a defendant in the Amended Complaint. Defendants deny all remaining allegations contained in this Paragraph of the Amended Complaint.

2.    Denied. All allegations in this Paragraph are specifically denied.

3.      Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff filed charges with the EEOC on or about December 4, 2005, and, therefore, such allegations are deemed denied.  It is also denied that Defendants engaged in any discriminatory conduct.

4.      Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff received the EEOC's Notice of Right to Sue on July 10, 2006, and, therefore, such allegations are deemed denied.

5.      Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

6.      Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

7.      Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  It is specifically denied that any Defendants discriminated against Plaintiff with respect to any alleged disability, race, color, national origin or sex.  To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

**Cause of Action**

1.      Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  It is specifically denied that any Defendants discriminated against Plaintiff and/or that their

managers/employees treated her differently.  To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

2.    Admitted in part, denied in part.  It is admitted only that Plaintiff became employed by COSCO Americas as a corporate paralegal.  The remaining allegations in this Paragraph are specifically denied.

3.    Denied.  All allegations in this Paragraph are specifically denied.

4.    Admitted.  It is admitted only that the headquarters for China Ocean Shipping (Group) Company is in the People's Republic of China.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

5.    Denied.  All allegations in this Paragraph are specifically denied.

6.    Admitted in part, denied in part.  It is admitted only that COSCO Americas and COSCO North America, Inc. operate in the United States and that they are separate entities.  The remaining allegations in this Paragraph are specifically denied.

7.    Admitted in part, denied in part.  It is admitted only that COSCO Americas, COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Mark Management, Sea Trade International, Inc., World Ocean (America), Inc., and Yuan Hua Technical & Supply Corporation have Boards of Directors, and that certain members of the Boards serve on more than one of these Boards.  The remaining allegations in this Paragraph are specifically denied.

8.      Admitted in part, denied in part.  It is admitted only that the corporate entities named in the Amended Complaint are separate companies.  The remaining allegations in this Paragraph are specifically denied.

9.      Admitted in part, denied in part.  It is admitted only that China Ocean Shipping Company Americas, Inc. and COSCO Americas, Inc. are names for the same entity.  The remaining allegations in this Paragraph are specifically denied.

10.      Admitted in part, denied in part.  It is admitted only that 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Mark Management, Sea Trade International, Inc., World Ocean (America), Inc., and Yuan Hua Technical & Supply Corporation are subsidiaries of COSCO Americas.  The remaining allegations in this Paragraph are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company, COSCO Container Lines Co., Ltd., Cosco Agencies, Inc. (Cosag-Los Angeles), Intermodal Bridge Services, Inc. (IBS), and Septor International, Inc. are parties in this matter, as these entities have not been properly served with the Amended Complaint.  In addition, Intermodal Bridge Services, Inc. (IBS), Septor International, Inc. and Sea Eagle Logistics, Inc. do not exist as viable corporate entities.

11.      Admitted in part, denied in part.  It is admitted only that Nancy Lu, James Kemp and Chao Xu are currently employed by COSCO Americas and that they are paid by one company.  The remaining allegations contained in this Paragraph of the Amended Complaint are specifically denied..  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

12.     Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

13.     Denied.  It is specifically denied that Christopher Weiss was ever employed by any party named as a Defendant in the Amended Complaint, consequently any alleged knowledge cannot be imputed to any Defendant.  Moreover, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Weiss and/or Chen Xuefeng were made aware of Plaintiff's alleged medical conditions, and, therefore, such allegations are deemed denied.

14.     Denied.  It is specifically denied that Christopher Weiss was ever employed by any party named as a Defendant in the Amended Complaint, consequently any alleged knowledge cannot be imputed to any Defendant.  Moreover, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Weiss and/or Chen Xuefeng were made aware of Plaintiff's alleged medical conditions, and, therefore, such allegations are deemed denied.

15.     Admitted in part, denied in part.  It is admitted only that Plaintiff asserted claims of an illness with Danny Bracciale.  Plaintiff failed to identify to whom she refers by the phrase "all four members [of] the Human Resources Department," therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations related to

such persons, and they are deemed denied.  The remaining allegations in this Paragraph of the Amended Complaint are specifically denied.

16.    Denied.  It is specifically denied that Christopher Weiss was ever employed by any party named as a Defendant in the Amended Complaint, consequently any alleged knowledge cannot be imputed to any Defendant.  Moreover, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Weiss and/or Chen Xuefeng were made aware of Plaintiff's alleged medical conditions, and, therefore, such allegations are deemed denied.  Plaintiff failed to identify to whom she refers by the phrase "the Human Resources Department", therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations related to such persons, and they are deemed denied.  The remaining allegations in this Paragraph of the Amended Complaint are specifically denied.

17.    Denied.  The allegations regarding discrimination set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  The remaining allegations in this Paragraph are specifically denied.

18.    Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

19.    Denied.  It is specifically denied that Nancy Lu sent any "aggressive emails" or engaged in any "verbal assaults" regarding her alleged illness, her culture, her race, her color or

that of her husband.  The remaining allegations set forth in this Paragraph of the Amended

Complaint constitute conclusions of law, therefore, no response is required, and they are deemed

denied.  To the extent any factual matters are alleged in the remaining allegations in this

Paragraph, such allegations are specifically denied.

8.[3]    Denied.  It is specifically denied that Plaintiff was "docked" or not paid for any

time worked for which she should have been paid.  The remaining allegations set forth in this

Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is

required, and they are deemed denied.  To the extent any factual matters are alleged in this

Paragraph, such allegations are specifically denied.

20.    Denied.  All allegations in this Paragraph are specifically denied.

21.    Admitted in part, denied in part.  It is admitted only that Chen Xuefeng or Danny

Bracciale were at one time employed by COSCO Americas and that Chen held a supervisory

position.  It is specifically denied that Plaintiff focused on her work or that she continuously

mentioned alleged harassment to Chen or Bracciale.  The remaining allegations set forth in this

Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is

required, and they are deemed denied.  To the extent any factual matters are alleged in the

remaining allegations in this Paragraph, such allegations are specifically denied.  It is specifically

denied that Christopher Weiss was ever employed by any party named as Defendant,

consequently any alleged knowledge cannot be imputed to any Defendant.  Moreover,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations that Plaintiff discussed alleged harassment with Weiss, and, therefore, such

allegations are deemed denied.

---

[3]  Plaintiff erroneously numbered this Paragraph as number eight.  Defendants' Answer corresponds to Plaintiff's numbering.

22.    Denied.  It is specifically denied that Plaintiff was subjected to any violent or harassing behavior by Nancy Lu.  The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

23.    Denied.  All allegations in this Paragraph are specifically denied.

24.    Denied.  All allegations in this Paragraph are specifically denied.

25.    Admitted in part, denied in part.  It is admitted only that Nancy Lu met with Plaintiff in Plaintiff's office with the door open.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind, and, therefore, such allegations are deemed denied.  The remaining allegations in this Paragraph are specifically denied.

26.    Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind, and, therefore, such allegations are deemed denied.  The remaining allegations in this Paragraph are specifically denied.

27.    Denied.  All allegations in this Paragraph are specifically denied.

28.    Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind, and, therefore, such allegations are deemed denied.  The allegations that Plaintiff was harassed and assaulted constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in these allegations in this Paragraph, such allegations are specifically denied.  The remaining allegations in this Paragraph are specifically denied.

29.    Admitted in part, denied in part.  It is admitted only that Plaintiff reported certain allegations regarding Nancy Lu to Jim Kemp.  To the extent Plaintiff is referring to a written document, which speaks for itself, Defendants deny Plaintiff's characterization of the statements made in such document.  The remaining allegations in this Paragraph are specifically denied.

30.    Admitted in part, denied in part.  It is admitted only that Plaintiff submitted a written memorandum to Jim Kemp dated March 3, 2005.  Inasmuch as the allegations in this Paragraph purport to restate or paraphrase a written document, which speaks for itself, Defendants deny Plaintiff's characterization of the statements made in such document.  The remaining allegations in this Paragraph are specifically denied.

31.    Admitted in part, denied in part.  It is admitted only that Chen Xuefeng, Jim Kemp and Chao Xu met with Plaintiff on March 4, 2005, and that Mr. Xu informed Plaintiff that members of the Planning & Development Department (including Plaintiff) would report directly to Nancy Lu.  The remaining allegations in this Paragraph are specifically denied.

32.    Admitted in part, denied in part.  It is admitted only that Danny Bracciale was Plaintiff's co-worker, that Chao Xu announced during a departmental meeting in February 2005 that Nancy Lu would act as Assistant General Manager of the Planning & Development Department, and that Danny Bracciale asked a question about to whom he should report.  The remaining allegations in this Paragraph are specifically denied.

33.    Admitted in part, denied in part.  It is admitted only that Chen Xuefeng, Jim Kemp and Chao Xu met with Plaintiff on March 4, 2005, and that Danny Bracciale was on vacation on March 4, 2005.  The remaining allegations in this Paragraph are specifically denied.

34.    Denied.  It is specifically denied that no Defendant responded to internal complaints made by Plaintiff.  The remaining allegations set forth in this Paragraph of the

Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

35.    Denied. It is specifically denied that Plaintiff was provided with an inappropriate response or that any Defendant lacked concern from Plaintiff's safety or well-being. The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

36.    Admitted in part, denied in part. It is admitted that Jim Kemp wrote a memorandum dated March 14, 2005. Inasmuch as the allegations in this Paragraph purport to restate or paraphrase a written document, which speaks for itself, Defendants deny Plaintiff's characterization of the statements made in such document.

37.    Denied. Inasmuch as the allegations in this Paragraph purport to restate or paraphrase Jim Kemp's March 14, 2005 written document, which speaks for itself, Defendants deny Plaintiff's characterization of the statements made in such document.

38.    Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind, and, therefore, such allegations are deemed denied. The remaining allegations in this Paragraph are specifically denied.

39.    Denied. All allegations in this Paragraph are specifically denied.

40.    Denied. The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.

To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

41.     Denied.  All allegations in this Paragraph are specifically denied.

42.     Denied.  It is specifically denied that no apology was ever forthcoming and that Nancy Lu did not attend training.  The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

43.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged physical and emotional conditions, and, therefore, such allegations are deemed denied. The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

44.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged medical conditions or treatments, and, therefore, such allegations are deemed denied.

45.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged medical conditions or treatments, and, therefore, such allegations are deemed denied.

46.     Admitted in part, denied in part.  It is admitted only that Plaintiff was absent from work on certain days during the weeks of March 7, March 14, and March 21.  The remaining allegations in this Paragraph are specifically denied.

47.     Denied.  All allegations in this Paragraph are specifically denied.

48.     Denied.  It is specifically denied that Plaintiff kept up to date with her job responsibilities or that she had been authorized to work from home.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged medical conditions, and, therefore, such allegations are deemed denied.  The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

49.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind or alleged medical conditions, and, therefore, such allegations are deemed denied.  It is specifically denied that Defendants engaged in any conduct which would warrant concern for Plaintiff's safety.

50.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff had a doctor's note stating when she could return to work, and, therefore, such allegations are deemed denied.

51.     Denied.  All allegations in this Paragraph are specifically denied.

52.     Admitted in part, denied in part.  It is admitted only that Plaintiff was asked to attend a meeting at COSCO Americas' offices on March 29, 2005.  The remaining allegations in this Paragraph are specifically denied.

53.     Admitted in part, denied in part.  It is admitted only that Plaintiff reported to COSCO Americas' offices on March 29, 2005 for a meeting with Jim Kemp and Chao Xu, and that she was notified that her employment was terminated at this meeting.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind or alleged medical conditions, and, therefore, such allegations are deemed denied. The remaining allegations in this Paragraph are specifically denied.

54.    Denied. It is specifically denied that Plaintiff was never counseled about her absenteeism or poor work performance or that such issues were raised during her performance reviews. The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.

55.    Admitted in part, denied in part. It is admitted only that Plaintiff's absenteeism problems were, in part, the basis for COSCO Americas' decision to terminate her employment. It is specifically denied that "the Group", COSCO Americas, Ms. Lu, Mr. Kemp, Mr. Stelzner and Mr. Xu knew that her absences were a result of her alleged lung conditions, or that such alleged conditions were exacerbated by any conduct at work. The remaining allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied. By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

56.    Denied. The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically

denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

57.    Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

58.    Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

59.    Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

60.    Denied.  It is specifically denied that COSCO Americas failed to take any remedial action with respect to Plaintiff's complaints about Nancy Lu.  The remaining

allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in the remaining allegations in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

61.    Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied. To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.  By way of further answer, it is specifically denied that China Ocean Shipping (Group) Company is a party in this matter, as China Ocean Shipping (Group) Company has not been properly served with the Amended Complaint.

## Injury

Denied.  The allegations set forth in this Paragraph of the Amended Complaint constitute conclusions of law, therefore, no response is required, and they are deemed denied.  To the extent any factual matters are alleged in this Paragraph, such allegations are specifically denied.

## Demand for Relief

Denied.  It is specifically denied that Plaintiff is entitled to compensatory or punitive damages, or that she is entitled to any other relief, damages or remedies whatsoever.

Any allegations or prayers for relief set forth in Plaintiff's Amended Complaint that are not expressly admitted, denied, or otherwise responded to, are hereby denied.

## DEFENSES

Defendants state the following defenses to Plaintiff's Amended Complaint, but do not assume a burden of proof on any such defense except as required by applicable law with respect

to the particular defense asserted.  Defendants reserve the right to amend or assert other affirmative and additional defenses and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.      Plaintiff's Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

2.      Plaintiff's claims are barred against COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Eagle Logistics, Inc., Sea Mark Management, Sea Trade International, Inc., South Bay Lighting Way, Inc., World Ocean (America), Inc., Yuan Hua Technical & Supply Corporation because Plaintiff was not employed by any of these entities and cannot establish any duty of care under which she may have been owed by any of them.

3.      Plaintiff's claims are barred against China Ocean Shipping (Group) Company, COSCO Container Lines Co., Ltd., Cosco Agencies, Inc. (Cosag-Los Angeles), Intermodal Bridge Services, Inc. (IBS), and Septor International, Inc. because Plaintiff has filed to provide them with proper service of process.

4.      Plaintiff's claims are barred against Nancy Lu, James Kemp, Richard Stelzner and Chao Xu because Plaintiff was not employed by any of these individuals and cannot establish any duty of care under which she may have been owed by any of them.

5.      Plaintiff's claims are barred against Defendants for lack of jurisdiction.

6.      Plaintiff's claims are barred against Nancy Lu, James Kemp, Richard Stelzner and Chao Xu because Plaintiff failed to state a claim for individual liability against any one of them.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

8.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

9.      Plaintiff claims are barred because she failed to exhaust her administrative remedies prior to filing this action.

10.     Plaintiff's claims of alleged disability discrimination and failure to accommodate must be dismissed because she is not a qualified individual with a disability, and she failed to request a reasonable accommodation.

11.     Plaintiff's claims are barred, in whole or in part, because COSCO Americas has acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right of Plaintiff.

12.     Plaintiff's claims are barred because COSCO Americas' treatment of Plaintiff was at all times based on factors other than Plaintiff's alleged disabilities, race color, national origin and sex.

13.     Plaintiff's claims are barred by Plaintiff's inability to establish causation and because the terms and conditions of Plaintiff's relationship with Defendants, if any, were based on reasonable non-discriminatory factors.

14.     Plaintiff's claims are barred, in whole or in part, because COSCO Americas had legitimate, non-discriminatory reasons for its treatment of Plaintiff and because Plaintiff cannot demonstrate pretext.

15.     Plaintiff's claims are barred, in whole or in part, because Plaintiff was not harmed in the manner or to the extent alleged.

16.     Plaintiff has suffered no damages.

17.     The damages allegedly suffered by Plaintiff were not the proximate or foreseeable result of the acts or omissions of the Defendants.

18.     Plaintiff's claims fail to state a cause of action entitling her to any damages, including, but not limited to, damages in the form of front pay, back pay, interest, compensatory damages, liquidated damages, punitive damages, equitable relief, or any other type of damages.

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

20.     Plaintiff is not entitled to compensatory or punitive damages because she is unable to show the willful violation of any statutory right.

21.     Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

22.     Some or all of Plaintiff's discrimination claims are barred because the conduct complained of was not directed towards Plaintiff or otherwise related to any employment decision affecting Plaintiff.

23.     To the extent that an impermissible employment practice occurred (an allegation which Defendants specifically deny), the same actions would have been taken in the absence of any impermissible motivating factor.

24.     Some or all of Plaintiff's claims are barred because, even if any alleged discrimination occurred (which Defendants specifically deny), Defendants had a proven, effective and widely disseminated anti-discrimination policy that included mechanisms for reporting and resolving complaints of discrimination; Plaintiff failed to put Defendants on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative and/or corrective opportunities provided by Defendants, or to avoid harm otherwise, and failed to provide

Defendants a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm; and Defendants was not and should not have been aware of the alleged misconduct.

25.     Plaintiff's discrimination claims fail because to the extent that any alleged discrimination occurred (an allegation which Defendants denies), Defendants took prompt corrective and remedial action.

26.     Plaintiff failed to engage in any protected activity pursuant to the New Jersey Conscientious Employee Protection Act.

27.     Plaintiff's claims are barred because Defendants' treatment of Plaintiff has at all times been based on and in accordance with Defendants' established employment policies, procedures, and practices.

28.     Defendants reserve the right to assert additional defenses after discovery has taken place in this action.

WHEREFORE, Defendants requests that this Court dismiss Plaintiff's Amended Complaint with prejudice; enter judgment in favor of Defendants and against Plaintiff on all claims contained in Plaintiff's Amended Complaint; deny all forms of relief requested in Plaintiff's Amended Complaint; award Defendants all costs, expenses and attorneys' fees to the extent available under law; and order such other relief as the Court may deem just and proper.

Respectfully submitted,

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership

By:        /s/  Brian P. Crowner

Thomas G. Servodidio, Esquire
Brian P. Crowner, Esquire
Suite 150
100 American Metro Boulevard
Hamilton, NJ 08619
Phone 609.631.2400
Fax 609.631.2401
tgservodidio@duanemorris.com
bpcrowner@duanemorris.com

Attorneys for Defendants, China Ocean Shipping Company Americas Inc., COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Eagle Logistics, Inc., Sea Mark Management, Sea Trade International, Inc., South Bay Lighting Way, Inc., World Ocean (America), Inc., Yuan Hua Technical & Supply Corporation, Nancy Lu, James Kemp, Richard Stelzner, and Chao Xu

Dated:  December 7, 2007

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I, Brian P. Crowner, attorney for Defendants China Ocean Shipping Company Americas Inc., COSCO North America, Inc. (CNA), 100 Lighting Way, Inc., COSCO Services, Inc., COSCO Terminals, Inc., Sea Eagle Logistics, Inc., Sea Mark Management, Sea Trade International, Inc., South Bay Lighting Way, Inc., World Ocean (America), Inc., Yuan Hua Technical & Supply Corporation, Nancy Lu, James Kemp, Richard Stelzner, and Chao Xu, certify, pursuant to Local Rule 11.2, that the matter in controversy is not the subject of any other action pending in any other court of law or of any arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                     /s/ Brian P. Crowner
                     Brian P. Crowner

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **ANSWER AND**

**DEFENSES TO THE AMENDED COMPLAINT** has been served upon the following party

by regular U.S. mail this 7th day of December, 2007:

Kimberly E.J. Moussavian
529 Hillcrest Street
Teaneck, NJ  07666

Dated: December 7, 2007                    By:   /s/  Brian P. Crowner
                                                          Brian P. Crowner